In re Billewicz, No. 512-7-11 Rdcv (Teachout, J., June 1, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Rutland Unit** | **Docket No. 512-7-11 Rdcv** |

**In re Bernice C. Billewicz**

## ENTRY ORDER

On July 25, 2011, Appellant Lillian Billewicz filed this appeal of the Rutland Probate Court Order of June 10, 2011 denying her Motion to Vacate Judgment, as well as the subsequent Probate Court Order of July 12, 2011 denying her Motion for Reconsideration. Ms. Billewicz's Motion to Vacate Judgment below sought, in essence, to reexamine this long-running guardianship proceeding from the start. Specifically, the motion requested that the Probate Court "[v]acate all payment Orders that have been granted by Hon. Christopher H. Howe," [v]acate all other Orders that have been granted by Hon. Christopher H. Howe" and "[r]eview this Guardianship proceeding from the inception."

This is Ms. Billewicz's fifth appeal over the course of the guardianship proceedings. Her four prior appeals challenged the appointment of Dallas Haines, Esq., as guardian as well as Probate Court orders approving payment to him for fees. All of these appeals were ultimately unsuccessful. In this appeal, the Court requested that the parties brief the issue of the Court's jurisdiction to consider this new basis for challenge of the Probate Court orders. Both Ms. Billewicz and Appellee Dallas Haines have complied with this request.

In her memorandum, Ms. Billewicz makes it clear that her current appeal is based on the Probate Court ruling denying her Motion to Vacate Judgment. She argues that she is entitled to relief from judgment under V.R.C.P. 60(b)(6) in order to allow for the presentation of new evidence concerning allegations of impropriety by the previously presiding probate judge. She states that the basis for her present appeal is information "from a very reliable source" that the probate judge who presided over these proceedings was "allegedly under the influence of alcohol during regular business hours and during Court proceedings."

Ms. Billewicz does not state who her source is and has not provided an affidavit or any other form of proof supporting these allegations. Nevertheless, Ms. Billewicz claims that she is entitled to relief from judgment under V.R.C.P. 60(b)(6) in order to allow for the presentation of new evidence concerning these allegations.

Relief under Rule 60(b)(6) is to be granted sparingly and only in cases of manifest injustice. See *Riehle v. Tudhope*, 171 Vt. 626, 627 (2000). The barebones hearsay allegations that Ms. Billewicz alludes to here do not come close to meeting this standard. Ms. Billewicz has not shown grounds for the Court to reopen the guardianship proceedings.  The interests of finality and judicial economy weigh strongly in favor of dismissing this appeal. Ms. Billewicz, through her previous appeals, has had full opportunity to challenge the substance of prior Probate Court rulings.  She has not shown a sufficient factual basis under the standards of Rule 60(b) to reopen the proceedings. She cannot now use unsupported allegations to gain another bite at the apple.

Appellants' appeal filed July 25, 2011 is *dismissed*.

Dated this 31st day of May, 2012.

_____
Hon. Mary Miles Teachout
Superior Court Judge